RECEIVED
USDC CLERK, CHARLESTON, SC
2017 APR 13 PM 3: 53

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No. 2:16-123-RMG |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Devin Brown. | ) | |
| | ) | |

This matter is before the Court on Defendant Devin Brown's motion to dismiss the indictment (styled as a motion to quash the indictment). (Dkt. No. 190.) For the reasons set forth below, the Court denies the motion.

## I. Background

Defendant was indicted on February 9, 2016 for a violent crime (attempted murder) in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(5) and for use, carry, or discharge of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Indictment ¶¶ 8, 10.) Defendant allegedly was a member of "Wildboys," a criminal racketeering organization. (*Id.* ¶¶ 1, 2.) On March 28, 2017, Defendant moved to dismiss the indictment, arguing it fails to allege all required elements of those offenses. (Dkt. No. 190.) Defendant's motion does not address the charged violation of 18 U.S.C. § 924(c).

## II. Legal Standard

A motion to dismiss an indictment tests whether the indictment sufficiently charges the offense the defendant is accused of committing. *United States v. Vanderhorst*, 2 F. Supp. 3d 792, 795 (D.S.C. 2014). Generally, a district court may not dismiss an indictment on a determination of facts: "a challenge to the sufficiency of the indictment . . . is ordinarily limited to the allegations contained in the indictment." *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) (internal quotation marks omitted). To obtain dismissal of an indictment, therefore, a defendant must show

-1-

the allegations, even if true, fail to state an offense. *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004).

### III. Discussion

Defendant argues the Government has not alleged two racketeering acts in furtherance of the racketeering enterprise, as required for a charge of conspiracy to participate in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d) ("RICO conspiracy"). (Dkt. No. 190 at 1–2.) The Government agrees RICO conspiracy requires proof of two racketeering acts, but notes that Defendant is not charged with RICO conspiracy. Instead, Defendant is charged with a violent crime in aid of racketeering activity ("VICAR") in violation of 18 U.S.C. § 1959(a). (Indictment ¶ 8.) The VICAR statute does not require proof of multiple acts of racketeering to establish a pattern of racketeering activity. *United States v. Ayala*, 601 F.3d 256, 265 (4th Cir. 2010) ("[E]stablishing a racketeering conspiracy under § 1962(d) requires proof of a conspiracy to conduct an enterprise through 'a pattern of racketeering activity,' which the RICO statute defines as 'at least two acts.' 18 U.S.C. § 1961(5). Section 1959(a)(5), by contrast, only requires proof of a conspiracy to commit a single act."); *United States v. Fiel*, 35 F.3d 997, 1005 (4th Cir. 1994) ("Section 1959 contains no required 'pattern' of racketeering activity."). Rather, it simply requires proof that a crime of violence was committed for maintaining or increasing one's position in an enterprise engaged in racketeering. 18 U.S.C. § 1959(a).

Defendant also argues the Government has not alleged Defendant was associated with Defendants Manigo or Mitchell. The Court understands that argument to be further argument regarding the elements of RICO conspiracy. Defendant explains that the indictment alleges one racketeering activity involving Defendants Manigo and Mitchell and another racketeering activity involving Defendants Brown, Manigault, and Robinson. (Dkt. No. 190 at 2.) Because Defendant Brown is not alleged to have been associated with the racketeering of Manigo and Mitchell,

Defendant argues the indictment fails to allege all elements of the offense. But as explained above, the Government did not charge Defendant with RICO conspiracy.

To the extent that Defendant means to argue the indictment does not sufficiently alleged VICAR because it does not allege Defendant was associated with the Wildboys racketeering enterprise, his argument is without merit. The VICAR statute requires proof (1) that an enterprise existed, (2) that the enterprise affected interstate commerce, (3) that the enterprise engaged in racketeering, (4) that the defendant committed a crime of violence, and (5) that the defendant did so to maintain or increase his position in the enterprise. 18 U.S.C. § 1959(a). The indictment clearly alleges (1) that Wildboys existed as an enterprise (Indictment ¶ 2), (2) that Wildboys' activities affected interstate commerce (*id.*), (3) that Wildboys was an enterprise engaged in racketeering (*id.* ¶ 3), (4) that Defendant committed attempted murder, a crime of violence (*id.* ¶ 8), and (5) that Defendant attempted murder for the purpose of maintaining or increasing his position in Wildboys (*id.*). The indictment therefore properly alleges Defendant violated the VICAR statute.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss the indictment (Dkt. No. 190).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 13, 2017
Charleston, South Carolina